UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OLAJIDE, | No. 2:17-cv-02168-TLN-KJN (PS) |
| Plaintiff, | |
| v. | ORDER |
| BROWN, et al., | |
| Defendants. | |

On October 30, 2017, plaintiff, who proceeds pro se, moved to "disqualify ANY AND ALL 'MAGISTRATE JUDGES' from hearing or ruling in any pleading or motions pertaining to this matter and a reconsideration of his request to file electronically." (See ECF No. 10 at 2.) Plaintiff asserts that he has "a reasonable expectation" to have all motions and requests in this case heard by an Article III judge. (ECF No. 10 at 3.) Plaintiff also argues that having a magistrate judge involved in any way will cause an "appearance of impropriety especially since the funding of conspiracy complained of in this case derive from the same legislative powers and or action of the United States of America, in congress assembled that provide these 'magistrate Judges' power to sit in this Court [sic]." (Id.) Additionally, plaintiff asserts that he ought to be able to use the court's electronic filing system because he paid the $400 filing fee, and because there are 31 named defendants in this matter. (Id. at 2–3.) Plaintiff's arguments are not persuasive.

1

This case proceeds before the undersigned pursuant to federal statute and the local rules of the Eastern District of California. Title 28 U.S.C. § 636(b)(1) grants district judges the authority to designate magistrate judges to hear a wide variety of matters. However, without the parties' consent, a magistrate judge may not make dispositive rulings in an action. Rather, a magistrate judge shall "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of any dispositive motion assigned to the magistrate judge. 28 U.S.C. § 636(b)(1)(B). Then, the Article III district judge, who retains jurisdiction over the matter, will either adopt or reject those findings and recommendations.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the local rules for the United District Court for Eastern District of California state that "[i]n Sacramento, all [civil] actions in which all the plaintiffs or defendants are proceeding *in propria persona*, including dispositive and non-dispositive motions and matters" shall be assigned to a magistrate judge. E.D. Cal. L.R. 302(c)(21).

Here, the only plaintiff in this matter is proceeding without an attorney, *in propria persona*. Therefore, the rules of this court determine that all motions in this matter will be considered initially by a magistrate judge. At the same time, pursuant to 28 U.S.C. § 636(b)(1)(B), an Article III district judge retains jurisdiction over this case. As such, any dispositive motion will ultimately be decided by a district judge, after a magistrate judge first makes findings and recommendations that are not binding on the district judge. Therefore, there is no legal basis for plaintiff's motion to disqualify any and all magistrate judges from hearing any motions in this matter.[1]

As to plaintiff's request for reconsideration, his prior request to utilize the court's electronic filing system (ECF No. 2) was denied by the court on October 24, 2017, pursuant to Local Rule 133 because plaintiff did not set forth a compelling reason why the court should deviate from the local rules and its standard practice of disallowing the use of electronic filing by pro se litigants. (ECF No. 8.) In his current motion, plaintiff argues that he should be allowed to

---

[1] Moreover, since plaintiff's current motion is not dispositive, the undersigned may decide these issues by order.

2

use this filing system because he paid the filing fee and because it would be more convenient for him to file electronically rather than to serve each of the 31 named defendants individually. These arguments are unavailing. Payment of the filing fee does not entitle a pro se litigant access to the electronic filing system. Moreover, plaintiff is master of the complaint and decided to name 31 individual defendants. Thus, the fact that there are 31 named defendants does not constitute good cause to utilize the electronic filing system.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to disqualify all magistrate judges and for reconsideration of his request to utilize the electronic filing system (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated: November 2, 2017

14/17-2168.olajide. order MTDQ

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE