UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OLAJIDE, | No. 2:17-cv-02168-TLN-KJN |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, et al., | |
| Defendants. | |

On December 8, 2017, plaintiff Ronald Olajide, who proceeds without counsel, filed a motion for default judgement against eighteen of the thirty-one named defendants.[1] (ECF No. 24.) Previously, on November 30, 2017, defendants Sue Frost, Patrick Kennedy, Susan Peters, and Phil Serna filed a motion to dismiss. (ECF No. 21.) The motion to dismiss is still pending, and set to be heard before the undersigned on January 25, 2018, at 10:00 a.m.

With respect to multi-defendant cases, Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Ninth Circuit Court of Appeals has characterized the Supreme Court's holding in Frow v. De La Vega,

---

[1] Specifically, plaintiff moved for default judgment against defendants Edmund G. Brown, Nancy Skinner, Rob Bonita, Jon Chiang, Xavier Becerra, Michael Sparks, Tevor Dewar, Jared Metcalf, Elizabeth Dunas, Michelle Gregory, Nason Namikawa, Tera Mackey, Brian Cardwell, Sean Kelly, Thomas Asker, Taylor Herrlinger, Mike Robertson, and John Winn.

1

82 U.S. 552 (1872), a leading case addressing the grant of default judgments in multi-defendant cases, as follows:

> The Court held in Frow that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

Nelson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001) (internal citations and footnote omitted) (citing Frow, 82 U.S. at 554).[2] In In re First T.D. & Inv., Inc., the Ninth Circuit Court of Appeals followed the Eleventh Circuit Court of Appeals and extended the rule from Frow beyond jointly liable parties to parties that are "similarly situated," even if not jointly liable or jointly and severally liable. See 253 F.3d at 532; accord Wordtech Sys., Inc. v. Integrated Network Solutions, Corp., No. 2:04-cv-01971-MCE-EFB, 2009 WL 3246612, at *2 (E.D. Cal. Oct. 6, 2009) (unpublished) (observing that the rule from Frow "has been extended in cases even if the defendants are not jointly liable, as long as they are similarly situated").

In this case, plaintiff alleges that all thirty-one named defendants were involved in a conspiracy that resulted in breach of contract, breach of the implied covenant of public trust, and violations of the Fourteenth Amendment to the United States Constitution. (See ECF No. 1.) All defendants appear to be similarly situated with respect to plaintiff's allegations, as plaintiff brings all claims against all defendants, without differentiation. (See Id.) Consequently, the risk of incongruous or inconsistent judgments is not insignificant, if the court were to grant a default judgment against the eighteen defendants named in plaintiff's motion, but the defendants moving to dismiss were to prevail on the merits.

Accordingly it is HEREBY ORDERED that:

////

////

////

---

[2] In Frow, the Court stated that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." 82 U.S. at 554.

2

1. Plaintiff's motion for default judgement (ECF No. 24) is DENIED without prejudice, as premature.

IT IS SO ORDERED.

Dated: December 13, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/17-2168.olajide.default judgment multiple defendants