UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD OLAJIDE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EDMUND G. BROWN, et al.<br><br>　　　　Defendants. | No. 2:17-cv-02168-TLN-KJN PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Presently before the court are defendants' motions to dismiss the complaint and motion to quash service of summons. (ECF Nos. 12, 21.) Plaintiff filed an opposition and defendants filed a reply. (ECF Nos. 30, 31.) These motions came on regularly for hearing on January 25, 2018, at 10:00 am. (ECF No. 39.) Appearing telephonically were *pro se* plaintiff, Ronald Olajide and John Robert Whitefleet, on behalf of defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, the court finds as follows:

I.　BACKGROUND

Plaintiff Ronald Olajide, who is proceeding without counsel, filed this action against thirty-one defendants, on October 18, 2017.[1] (ECF No. 1.) Subsequently, defendants Don

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Nottoli, Phil Serna, Patrick Kennedy, Susan Peters, and Sue Frost ("Moving Defendants") moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6); and defendants Nick Sareeram, Basden #1281, Ogle #688, Mills #1358, Brigs #1126, Robinson #1008, and Mrozinski #945 ("Specially Appearing Defendants") moved to quash service of summons pursuant to Federal Rule of Civil Procedure 12(b)(5). (See ECF Nos. 12, 21.) Remaining defendants Edmund G. Brown, Nancy Skinner, Rob Bonta, John Chaing, Xavier Becerra, Trevor Dewar, Jared Metcalft, Elizabeth Dunas, Michelle Gregory, Nason Namikawa, Tera Mackey, Brian Cardwell, Sean Kelly, Michael Sparks, Mike Robertson, John Winn, Thomas Asker, Taylor Herrlinger, and Hernandez #51 ("Non-Moving Defendants") have not yet appeared in this matter.[2]

On November 29, 2017, plaintiff requested that the Clerk of Court enter default as to numerous defendants. (See ECF No. 16.) Subsequently, the Clerk of Court entered default as to Non-Moving Defendants, but declined to enter default against any Moving or Specially Appearing Defendants. (See ECF Nos. 22, 23.) At the hearing, Mr. Whitefleet requested that the court set aside the Clerk's entry of default.

A.  Complaint

Plaintiff's complaint is vague, difficult to follow, and at times nonsensical. (See ECF No. 1.) The complaint purports to bring claims for (1) "Breach of Contract," (2) "Breach of implied Covenant of Public Trust," and (3) "violation of An Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for other Purposes." (Id. at 20–25.)

The gravamen of plaintiff's complaint appears to be that various state and local government officials have allegedly conspired to use his likeness, name, and other biometric data—which plaintiff collectively refers to as his "natural liberty, an immediate gift from the God of Nature at his birth" (id. at 3, 5)—without his permission, to enrich themselves through federal grants. According to plaintiff,

---

[2] At the January 25, 2018 hearing, attorney John Robert Whitefleet appeared on behalf of Moving Defendants and Specially Appearing Defendants only.

2

> [Defendants] by and through people employed under their conspiracy have been using legislative and executive powers derived from the California constitution since the year 2003 to identify [plaintiff] as a "black" male, then physically capture and take possession of an image of the plaintiff's likeness, his fingerprints, DNA, given names and family names and used said private property within permanent public databases, public documents, public records and public security instruments associated with California identification number D5970875, County of Alameda personal file number BDJ279 and County of Sacramento x-reference number 5138810 to further accuse the Plaintiff of public crimes and further compel his service to satisfy the performance of obligations maintained and executed pursuant to their conspiracy, then secure and collect public funds created on account of the United States Government to pay themselves, but not the Plaintiff.

(ECF No. 1 at 10.)

Plaintiff further asserts that he has offered defendants various contracts to use his "natural liberty" through so-called "private bills of exchange" that defendants have allegedly accepted by their silence. (See Id. at 11–15.) Specifically, plaintiff alleges,

> As a direct result of each defendant's conduct in failing to rebut any of the claims and facts presented to them in the private bill of exchanges [sic] and certified agreements (private contracts), by being silent, they have accepted, agreed and stipulated that all terms, facts and claims made within are reasonable, valid and that they are personally obligated to cause for the full performance and satisfaction of each contract.

(ECF No. 1 at 15.) According to plaintiff, as a result of defendants' conduct, he has "incurred actual damages, amounting to one trillion seventy six million dollars." (Id. at 19.)

In his prayer for relief, plaintiff asserts that he "has no adequate remedy at law" (id. at 25) and requests that the court issue declaratory judgments that defendants have accepted plaintiff's contracts "by their acts of silence" (id. at 26) and that defendants' conduct has violated "clearly established law of the United States of America" (id. at 27), as well as an order compelling full performance of the alleged contracts (id. at 26).

B. Oral Argument

At the hearing, the undersigned sought clarification from plaintiff regarding the issues he raised in the complaint. Plaintiff appeared particularly evasive in the answers he provided. He continually attempted to avoid answering questions, claiming the answers were in the complaint.

3

Initially, plaintiff could not recall whether he had a California driver's license or state identification ("ID") card. Later, he admitted that at some point he had some form of ID from the state, but that it had probably expired. Strangely, he could not recall why he receives mail at the address that he has provided to the court—but he did indicate that he does not live at the location.

When questioned, plaintiff confirmed that he is not alleging that defendants had used his likeness in any commercial, sign, or billboard, without permission. At the same time, plaintiff maintained that defendants were using his intangible property for private profit, by somehow using his likeness, name, and fingerprints to obtain federal grant money. He could not explain how this process occurred with any specificity. In an attempt to justify his claims, plaintiff asserted that after an arrest, government officials must first pay him before they may take his booking photo or fingerprints.

Toward the end of the hearing, plaintiff orally asserted that the court had overlooked his claim for unlawful arrest that allegedly occurred in June of 2017, in Sacramento County. Plaintiff's written complaint in this case does not state such a claim. (See ECF No. 1.) On June 17, 2017, however, plaintiff filed a federal prisoner civil rights complaint, while housed in the Sacramento County Jail, which appears to raise issues related to his underlying arrest. (See 2:17-cv-01477-GEB-CMK, ECF No. 1.)

II.     LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the complaint. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising

4

under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071.

The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

"[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied . . . if amendment of the complaint would be futile . . . [or if] the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.), amended, 856 F.2d 111 (9th Cir. 1988) (internal citations omitted).

III. DISCUSSION

Moving Defendants seek to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim. (See ECF Nos. 12, 21.) Specially Appearing Defendants seek to quash service of summons. (See ECF No. 12.) For the reasons below, the undersigned recommends that defendants' motions to dismiss be GRANTED as to all defendants without leave to amend; defendants' motion to quash service be DENIED as moot; the Clerk's entry of default be set aside; and the case be closed.

A. Subject Matter Jurisdiction

The court must dismiss this action because it lacks subject matter jurisdiction over plaintiff's claims. See Fed. R. Civ. P. 12(h)(3). As explained, the gravamen of plaintiff's complaint centers on the alleged unauthorized use of plaintiff's likeness, name, and other biometric data, by defendants, in violation of purported contracts between plaintiff and defendants.

////

1 | The first cause of action is for breach of contract. (See ECF No. 1 at 20.) The second cause of action is entitled "Breach of the implied Covenant of Public Trust" (id. at 21), but is essentially a restatement of plaintiff's breach of contract claim. (See id. at 22 "Each of the defendants have breached the covenant of public trust by failing to make any effort to meet the contractual terms and failing to cause for the full performance and satisfaction of the private contracts".) Similarly, while the third cause of action references the Fourteenth Amendment of the United States Constitution, the details of the claim reveal a mere reassertion of the breach of contract claim. (See ECF No. 1 at 25 "by refusing to return the plaintiff's [likeness, name, and other biometric data] after his written request and also refusing to cause for the payment of satisfaction of his private contracts, [defendants] have directly and indirectly caused the Plaintiff actual property damages".) As such, the complaint only states one cause of action, breach of contract.

Ignoring for the moment the glaring contract formation issues present on the face of the complaint, if the court were to assume that a contract had been formed, it would have been formed pursuant to state law. These contracts were allegedly formed between plaintiff and state and local officials. He does not assert that any of these contracts were formed with the federal government or any of its agencies or employees.

Therefore, the court does not have federal question subject matter jurisdiction over this matter because none of these claims arise "under the Constitution, laws, or treaties of the United States." See 28 U.S.C. §§ 1331. Neither does the court have diversity subject matter jurisdiction because plaintiff and defendants are all citizens of the same state, California. See 28 U.S.C. § 1332(a). Because the court has neither federal question nor diversity subject matter jurisdiction, it lacks jurisdiction to hear plaintiff's complaint, and this matter must be dismissed. See Fed. R. Civ. P. 12(h)(3).

////
////
////
////

B.     Leave to Amend

The undersigned finds that leave to amend would be futile. Liberally construed, plaintiff may be attempting to state a claim under 42 U.S.C. §§ 1983 or 1985(3).[3] "Section 1983 provides, in pertinent part, that '(e)very person who, under color of any statute of any state . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .' A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (internal citations omitted).

To state a claim under § 1985(3) "a complaint must allege that the defendants did (1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The Supreme Court has clarified that § 1985(3) does not apply to any private conspiracy, rather "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Id.

Here, plaintiff's complaint does not—and could not, consistent with what has been pled—state a claim based upon facts evidencing a deprivation of any of his constitutional rights, privilege, or immunities. There is simply no constitutional provision to enforce a contract to which the other party has not assented. Nor is there any provision that prevents a state or municipality from collecting a citizen's likeness, name, and biometric data, in connection with a driver's license, ID card, arrest, or criminal conviction. Moreover, as explained, plaintiff's complaint is for breach of contract. It does not allege any facts to suggest that defendants'

---

[3] Indeed, in his opposition to the motions to dismiss, plaintiff asserts that his claims have been brought under 42 U.S.C. § 1985(3). (See ECF 30 at 2.) While, this statute is not referenced in the complaint, it is proper to consider whether or not plaintiff could state a claim under § 1985(3) if given leave to amend.

8

alleged conduct was motivated by some racial or otherwise class-based, invidiously discriminatory animus. Therefore, leave to amend would be futile because plaintiff could not plead facts consistent with the challenged complaint to state a viable claim. See Albrecht, 845 F.2d at 195, amended, 856 F.2d 111.

To the extent that plaintiff would seek to raise issues of unlawful arrest, in any amended complaint, the court finds that these issues are already included in plaintiff's pending prisoner civil rights action. (See 2:17-cv-01477-GEB-CMK, ECF No. 1.)[4]

      C.      Dismissal of Non-Moving Defendants

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Here, the undersigned finds that all defendants are similarly situated. Indeed, the complaint asserts each cause of action against each defendant, without differentiation. (See ECF No. 1.) Therefore, plaintiff's complaint is equally flawed as to each defendant and the undersigned recommends that the complaint be dismissed as to all defendants, and that the Clerk's entry of default be set aside. Because this dismissal would include the Specially

---

[4] Moreover, any claim of unlawful arrest appears dubious at best. During the hearing, plaintiff admitted that he was represented by an attorney, accepted a plea bargain, and pled guilty to a criminal offense, in connection with the allegedly unlawful June 2017 arrest.

9

Appearing Defendants, their motion to quash service (ECF No. 12) is moot.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss plaintiff's complaint (ECF Nos. 12, 21) be GRANTED as to all defendants without leave to amend.
2. Defendants' motion to quash service (ECF No. 12) be DENIED as moot.
3. The Clerk's entry of default as to defendants Thomas Asker, Xavier Becerra, Rob Bonta, Edmund G. Brown, Brian Cardwell, John Chiang, Tevor Dewar, Elizabeth Dunas, Michelle Gregory, Taylor Herrlinger, Sean Kelly, Tera Mackey, Jared Metcalft, Nason Namikawa, Mike Robertson, Nancy Skinner, Michael Sparks, John Winn (ECF No. 22) be set aside.
4. The Clerk of Court be ordered to close the case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

////
////
////
////

waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: January 30, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.17-2168.olajide.f&r mtd